**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **GEORGIA SECOND AMENDMENT, INC., and BRADY KEPLINGER, Plaintiffs,** | ) | **CIVIL ACTION No. 2:23-CV-00024-RWS** |
| **v.** | ) | |
| **BRIAN KEMP, Defendant.** | ) | |

**AMENDED COMPLAINT**

Plaintiffs Georgia Second Amendment, Inc. and Brady Keplinger state the following as their Amended Complaint:

1. Plaintiff Georgia Second Amendment, Inc. ("GA2A") is a corporation organized under the laws of the State of Georgia.
2. The mission of GA2A is to foster the rights of its members to keep and bear arms.
3. Plaintiff Brady Keplinger ("Keplinger") is a citizen of the United States of America and of the State of Georgia and a resident of Dawson County.
4. Defendant Brian Kemp ("Kemp") is the Governor of the State of Georgia.
5. Kemp is the chief executive officer of the State of Georgia. Georgia Const. Art. 5, § 2, ¶ 1.
6. Kemp is the conservator of the peace throughout the state and is obligated to take care that the laws are faithfully executed. Georgia Const. Ar. 5, § 2, ¶ 2.
7. Kemp is sued in his official capacity only.
8. Keplinger is a member of GA2A.

9. Keplinger is 19 years of age.

10. Keplinger is not prohibited by state or federal law from possessing a handgun.

11. The handgun is the quintessential arm for self defense in the United States.

12. O.C.G.A. § 16-11-126(g)(1) generally prohibits the carrying of "weapons" without being a "lawful weapons carrier."

13. A violation of O.C.G.A. § 16-11-126(g)(1) is a misdemeanor, punishable by a $1,000 fine and 12 months of incarceration, or both.

14. O.C.G.A. § 16-11-125.1(15) defines "weapon" to include handguns.

15. O.C.G.A. § 16-11-125.1(2.1) defines "lawful weapons carrier" to mean, as pertinent to the present case, any person who has a Georgia weapons carry license ("GWL") issued pursuant to O.C.G.A. § 16-11-129 or who is eligible for a GWL pursuant to O.C.G.A. § 16-11-129.

16. O.C.G.A. § 16-11-129(b)(2)(A) prohibits issuance of a GWL to a person under 21 years of age, except for certain military veterans.

17. Keplinger is not a military veteran and Keplingers not qualify for the exception described in Par. 16 above.

18. Except for the age requirement, Keplinger is otherwise qualified to obtain a GWL.

19. Except for the age requirement, Keplinger is otherwise a lawful weapons carrier.

20. Keplinger desires to keep and carry a handgun in case of confrontation, but he declines to do so because he is in fear of arrest and prosecution for violating O.C.G.A. § 16-11-126(g)(1).

21. Keplinger is in a state of uncertainty as to the enforceability of O.C.G.A. § 16-11-126(g)(1), in light of Ga. Const. Art. I, Sec. I, Par. VIII.

22. GA2A has other members who are 18-20 years old, have not served in the armed forces, who, except for the age restrictions are otherwise qualified to obtain GWLs and are otherwise lawful weapons carriers, and who desire to carry a handgun in case of confrontation but do not do so because they are in fear of arrest and prosecution for violating O.C.G.A § 16-11-126(g)(1).

23. The State of Georgia regularly enforces the provisions of O.C.G.A. § 16-11-126(g)(1)

24. The Second Amendment provides, "A well regulated militia being necessary to the security of free state, the right of the people to keep and bear arms shall not be infringed."

25. The Second Amendment applies to the states via the 14th Amendment.

**Count 1 – Violation of Second Amendment – 42 U.S.C. § 1983**

26. By preventing Keplinger and other GA2A members who are 18-20 years of age from carrying a handgun in public in case of confrontation, Defendant has violated the Second Amendment.

27. Plaintiffs seek a declaration that O.C.G.A. § 16-11-126(g)(1) is unconstitutional to the extent it prohibits Keplinger and other GA2A members who are 18-20 years of age from obtaining GWLs and from carrying handguns in public.

28. Plaintiffs seek a permanent and preliminary injunction prohibiting Kemp from enforcing O.C.G.A. § 16-11-126(g)(1) against Keplinger and GA2A's other members who are 18-20 years of age to the extent it prohibits them from carrying handguns in public.

29. Plaintiffs seek an award of costs and attorney's fees under 42 U.S.C. § 1988.

/s/ John R. Monroe

John R. Monroe
John Monroe Law, P.C.
Attorneys for Plaintiffs
156 Robert Jones Road
Dawsonville, Ga 30534
678-362-7650
jrm@johnmonroelaw.com
State Bar No. 516193